MR. JUSTICE MORRISON
dissenting:
I respectfully dissent from the majority opinion.
The District Court construed “marital status” narrowly because the court found that there was no “business necessity” exception under Montana law. The District Court felt that, in certain cases, business necessity would justify a discrimination based upon the occupation of spouses. Therefore, the court reasoned that the legislature must not have contemplated a broad meaning of marital status which would include looking to the spouse’s occupation.
I agree, but for reasons stated herein, feel that discrimination based upon the occupation of a spouse violates the legal principle *272 opposing discrimination which has a “disparate impact” However, in “disparate impact” cases a discriminatory practice can be sanctioned where there is a business necessity.
The majority’s opinion forecloses an employer from passing a rule which would prohibit one spouse from auditing or supervising the work of the other spouse. The legislature could not have intended such a result.
Section 49-2-303(l)(a), MCA, states that it is an unlawful discriminatory practice for an employer to refuse employment to a person because of his marital status. If the action of the school board had an “adverse impact” on married people, then the action would be proscribed unless there was an overriding “business necessity”. This result attaches if the term “marital status” only refers to the state of being “married”, “single” or “divorced”.
The United States Supreme Court dealt with “disparate impact” in Griggs v. Duke Power Co. (1971), 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158. In that case the defendant was an employer which required either a high school education or the passing of a standardized general intelligence test as a condition of employment. This practice rendered blacks ineligible in markedly disproportionate numbers. The following excerpt is taken from the court’s opinion:
“. . . The Act proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation. The touchstone is business necessity. If an employment practice which operates to exclude Negroes cannot be shown to be related to job performance, the practice is prohibited. Griggs, 401 U.S. at 431, 91 S.Ct. at 853.
The “adverse impact” theory of discrimination has been extended to sex discrimination cases. See Dothard v. Rawlinson (1977), 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786.
A “no spouse” rule inevitably has an adverse impact on married people. The only remaining question is whether there is a “business necessity” for the “no spouse” rule. Therefore, this case should be remanded to the District Court with instructions to consider the issue of whether there are reasonable grounds for justifying the “no *273 spouse” policy adopted by the school board. The defendant should be required to prove the business necessity for the policy, and the plaintiffs should be given the opportunity to show that the same ends could be achieved with a lesser discriminatoy impact.
It should also be pointed out that Yvonne Martinez v. Yellowstone County Welfare Department, 626 P.2d 242, 38 St.Rep. 474 (1981), arose under section 49-2-303(l)(a), MCA, and does not involve a “justification clause” in an anti-discrimination statute. The Martinez case arose under the same statute relied upon by the majority in deciding this case. The majority’s reference to Martinez is inaccurate.
Wash. Water Power v. Wash. State Human Rights (1978), 91 Wash.2d 62, 586 P.2d 1149, is not a “disparate impact” case. The Wash. Water Power case arose under an anti-discrimination statute which prohibited discrimination based upon “marital status” unless there was justification for such discrimination. The Washington court broadly construed the term “marital status” to include the occupation of a spouse, but the statute specifically provided for a business necessity justification. The concept of “disparate impact” is not discussed contrary to the statement made in the majority opinion.
For the reasons herein stated I dissent from the majority opinion and would remand the case to the District Court for a hearing on whether a “business necessity” justifies the school board’s action.